UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-03256 |
| | § | |
| $90,150.00 IN U.S. CURRENCY | § | |
| | § | |
| $73,474.00 IN U.S. CURRENCY | § | |
| | § | |
| $22,400.00 IN U.S. CURRENCY | § | |
| Defendants. | § | |

BRIAN BUSBY'S RESPONSE TO THE GOVERNMENT'S MOTION TO STAY

Brian Busby ("Claimant Busby" or "Claimant" or "Busby") by and through his attorneys, Dick DeGuerin and Mark White, files this Response to the Government's Motion to Stay this civil forfeiture action for a *third* time pending the outcome of a related criminal investigation which has been on-going since at least February 2020.

I.      **Legal Standard**

Yet again, the Court must decide whether civil discovery would have an adverse impact on the criminal investigation which is purportedly still occurring in parallel with this civil asset forfeiture case.  18 U.S.C. § 981(g).  The Court's decision will be reviewed for abuse of discretion.  *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).  The burden of showing "adverse impact" is on the Government, and there is no presumption that civil discovery would create an adverse impact.  *United States v. All Assest & Funds on Deposit or Held in Offshore Inv. Account at Sun Life Fin. Invs. (Berm) Ltd.* No. 2:18-CV-04, 2018 WL 4275214, at *3 (S.D. Tex. Sept. 7, 2018).  The Government must show a special impact that is unique and greater than the ordinary inconvenience of civil discovery, and its conclusory statements are not enough to carry the burden.  *United States v. All Funds ($357,311.68) Contained in N. Tr. Bank of Fla.*

1

*Acct. No. 7240001868*, No. CIV.A.3:04-CV-1476-G, 2004 WL 1834589 (N.D. Tex. Aug. 10, 2004).

## II. Government's Basis for Requesting a Stay

In May 2021, the Government asked the Court for a second stay of this case, because it still had not concluded the parallel criminal investigation and it feared Claimant Busby would tamper with documentary evidence and/or intimidate witnesses. Doc. 17 pg. 7. In fact, there was (and still is) nothing Claimant Busby could do to destroy or alter relevant records since the FBI already has them or they are beyond the Claimant's control. Claimant Busby had not by then, and still has not, harassed, or intimidated any witness (and never will) even though the FBI itself publicly identified a whole list of witnesses for him to harass or intimidate if he had wanted to in its search warrant affidavit. The Government's publicly stated justifications for delay were conclusory and as thin as the paper they were written on. However, the Government filed an affidavit under seal which led the Court to grant a second stay. In granting the second stay, the Court advised the Claimants that **"…no further stays of this nature will be granted, absent extraordinary circumstances."** Doc. 21.

This time around the Government has *abandoned* the earlier rationale and is now requesting yet a *third* stay citing the Thirteenth Supplemental Order (Special Order H-2021-16) signed by the Honorable Judge Lee H. Rosenthal on August 5, 2021, staying all grand jury sessions. The Government provides nothing more to justify delay aside from the mere existence of this temporary order. Documents and witnesses are evidently safe from Claimant Busby now.

## III. The Government Uses a Pretext to Excuse Unreasonable Delay

The Government's reliance on Judge Rosenthal's order "full stop" with no additional explanation would be more compelling if the Government was asking to stay this proceeding for

2

the FIRST time or maybe even the SECOND time.  However, this is the Government's _THIRD_ request.  Moreover, this temporary order regarding COVID must be understood in the context of a Department of Justice which has adapted over the last year to operating under COVID restrictions.  Neither COVID nor Judge Rosenthal's order really impeded the Government's investigation in any practical way over the 90 days of the recently expired stay.  The Government is just using Judge Rosenthal's order as a pretext for more delay.  The investigation is stalled for unknown reasons.  Those reasons are not liable to be very compelling in excusing delay.  If they were, the Court would have heard them by now.

The justice system is surely not yet fully normal, but it functions, and cases have progressed.  Investigations have proceeded under COVID restrictions.  The restriction Judge Rosenthal imposed simply told the grand jury not to meet in person at the Federal courthouse or elsewhere.  It does not mean that the Government's authority to subpoena evidence in the grand jury's name has been curtailed one bit.  It does not mean that the Government had to stop its criminal investigation altogether.  It does not mean that this Court cannot consider motions, such as the now-stayed motion to dismiss this action that Claimant Hutchison filed.  In fact, on September 10, 2021, Judge Rosenthal signed Special Order H-2021-18 which makes it explicit that this Court may proceed with any matter not requiring a jury and that grand juries are to return on September 27, 2021.

**The Government was fully prepared either to dismiss or actively litigate this case when Judge Rosenthal froze all grand jury activity.  Her order took the pressure off and gave the Government a pretext for more delay.**  The Thirteenth Supplemental Order was entered August 5, 2021.  The Court's second stay on this matter was due to expire August 24, 2021.  So, the Government had only 19 days remaining until it would have had to do one of four

3

things: (1) announce an indictment and criminal forfeiture allegation after which a stay of this action would be in order; (2) provide extraordinary cause excusing more delay in favor of the criminal investigation; (3) prepare to prosecute this civil action in due course, or (4) dismiss the case. There has been no indictment. Unless the Government had planned to wrap up its criminal investigation in those 19 days and produce one, which seems highly doubtful given the long delays until now and given the Government's current request for far more additional time than just a restoration of the lost 19 days, the Government must have planned to do #2, #3, or #4 when the stay expired.

In fact, the Government clearly expected either to dismiss this case or get on with litigating it, but then Judge Rosenthal's August 5th order issued. This Court had previously laid down a firm date after which no further stays would be granted except under "extraordinary circumstances." Undoubtedly, no reasonable lawyer would have even bothered asking for more time unless "extraordinary circumstances" truly did emerge -- so strong was the Court's message about additional delay. Accordingly, if such "extraordinary circumstances" had emerged in fact, they would have compelled any reasonable lawyer – even a Government lawyer -- at least to mention them in the instant motion no matter that Judge Rosenthal's order had issued. Those facts would have been too irresistible to leave unmentioned. No mention was made of any other extraordinary circumstances pre-dating or arising along with Judge Rosenthal's order. That is because none exist. Having none 19 days before the stay expired, the Government must have expected to dismiss this action or actively litigate it as the end of the stay approached. Those were the only realistic options available. Of course, Judge Rosenthal did the right thing, but her order is now being misused by the Government to get itself off the hook. This Court must hold the Government accountable to the Court's original intention.

4

The Government's reliance on Judge Rosenthal's order alone is laughable. It is not as if the Government actually *needed* a live grand jury, had this case set to present to a live grand jury over the last 19 days of the previous stay, and was deprived at the last minute of the opportunity by Judge Rosenthal's order. If that had been the case, the Government certainly would have said so. Imagine how much more compelling it would have been for the prosecutor to argue in the motion now before the Court that the case was completely investigated, the grand jury presentation was set to go, but Judge Rosenthal ordered the grand jury not to meet – "darn my luck"! The undersigned counsel would have had very little basis to object in that case, and the Court probably would have accepted that explanation because it would have had the feel of "extraordinary circumstances" about it. However, the Government made no such argument because it would have been a lie. Instead, it offered an explanation which smelled like pretext, deception, and an unseemly dismissiveness by the Government of a citizen's right to due process.

If the Government merely needed time after the expiration of Judge Rosenthal's order to get another appointment to present the case to the grand jury, because it had been diligent with the last 71 days of the expired stay and the case would have been presented within the last 19 days of the stay but for the grand jury date getting hijacked by circumstance, then the Government would not have tacked on just for good measure a request for another 45 days of delay *after* Judge Rosenthal lifts her order. It is clear the Government wants the Court to suspend disbelief, exercise no independent judgement, and accept unquestioningly that: (1) the Government was diligent over the first 71 days of expired stay; (2) the Government could not have proceeded for the last 19 days of the expired stay without people known as grand jurors being in a certain room; (3) those 19 days would have made all the difference and the

investigation would have been complete if only grand juries were meeting; (4) the Government was merely the victim of unfortunate circumstance; and (5) the Government should get 61 more days of delay as a result.[1]  The Government does not even pretend this request is about losing critical 19 days, during which time its investigation would have been fully completed, through no fault of its own; and, so it asks for 61 additional days (45 days starting 16 days from today) instead of 19 additional days.  The Government's position is all pretext, and so the Court should end the stay immediately.

      COVID 19's resurgence breathed new life into the Government's argument for endless unreasonable delay.  The Government was quick to latch on to Judge Rosenthal's order, but utterly silent when it came to explaining where the investigation stands, what it had accomplished with the time the Court already granted before the order was entered (71 days), or why the absence of a grand jury meeting in a particular room over the last 19 days of the stay mattered one bit.  One wonders if the phrase "saved by the bell!" immediately came to mind for the attorneys for the Government?  That is essentially the argument – "Judge Rosenthal rang the bell and we had to put our pencils down.  If that bell had not been wrung, we'd have been ready with an indictment, or our criminal investigation would have otherwise been complete, so don't blame us.  Give us more time."  The explanation smells of pretext, and the Court should not accept it.

      What did the Government do to progress its investigation in those first 71 days of the stay?  Was it diligent?  Or did the Government sit on its hands for the first 71 days of the expiring stay and not do anything of substance?  Is there really any good reason to let the

---

[1] Judge Rosenthal signed the Fifteenth Supplemental Order H-2021-18 ordering grand jury operations to resume September 27, 2021, which is 16 days from the date of this filing, and the Government is requesting 45 additional days.

Government "kick the can" down the road again? The Government itself has not given the Court any reason aside from citing the general order related to COVID and figuratively crossing its arms as if to say: *Q.E.D.* (*quod erat demonstrandum* – "thus it has been demonstrated").

Does the Government even need a grand jury seated in a room at the Federal courthouse to get its investigative work done? Can the FBI not investigate because people called grand jurors are not safely tucked into a room at the Federal courthouse? Can they not serve grand jury subpoenas by themselves? Do they even need to issue more subpoenas? Presumably, those subpoenas may still issue, as they normally do, from the United States Attorney's Office in the name of the grand jury. Couldn't the Government still interview witnesses? How much of that still needs to be done anyway after approximately two years of investigation? **Is the U.S. Attorney's Office just reviewing the already investigated case to decide what to do? Is it just sitting on a desk waiting? If so, how long has it been there? If that's the case, then why should Claimant Busby's right to due process under the United States Constitution yield to the convenience of an Assistant United States Attorney?** That office is full of other prosecutors who can help-out.

Claimant Busby has only the undersigned counsel to assist him, and the undersigned are normally sympathetic to scheduling issues. Living as they do in the same "glass house" as prosecutors who ask for scheduling accommodations, they do not throw stones without special cause. As to the staying of this case, the Government has had ample time, and is just using the order on COVID as a pretext to excuse even more unreasonable delay. Why should the Court grant another day of delay in favor of a party which has not been able to show it did anything during the 71 days it already had …or during the 90 days before that?

7

On September 10, 2021, Judge Rosenthal signed Special Order H-2021-18 ordering grand juries back into service starting September 27, 2021.  That's 16 days from the date of this filing.  The Government is asking this Court to grant it an additional 45 days beyond that.  Consequently, it is asking Claimant Busby to wait another 61 days until he can defend himself.  Saved by the bell, indeed!  It is not a full 90 days, but the Government is evidently desperate for any time it can get.  Sixty-one days come close enough effectively to nullify in full this Court's order that **"…no further stays of this nature will be granted, absent extraordinary circumstances."**  Doc. 21.

Undoubtedly, the Court expected the Government to use the recently expired stay to its fullest when it wrote these words.  However, the Government has not shown that it was diligent for those 71 days when it <u>did</u> have a grand jury that was able to meet.  The Government further failed to show that the absence of a grand jury for the final 19 days of the now-expired stay imposed some unreasonable barrier to concluding the investigation by the date the Court said the stay would not be renewed absent "extraordinary circumstances."   The Government must show that Judge Rosenthal's order had an impact, in other words.  It is not fair that the Government can hide behind Judge Rosenthal's order to avoid having to answer these questions on the record.  The Court must not let the Government escape on a pretext; the Claimant understood "extraordinary circumstances" to mean just that.[2]

---

[2] Counsel analogizes the situation to the harm analysis used by courts of appeal to deny remand for new trial to a criminal defendant who preserved even serious error.  Unless counsel can show the error at trial caused harm, the client does not get the relief sought on appeal.  How many people sit in prison today who heard that, though some error occurred, the appeals court felt the error failed to make a difference in the trial's outcome and so they lose?

The analysis is essential to keeping the justice system focused on important matters.  The undersigned have no quarrel with that standard.  Counsel simply believe that the Government's request for another delay must be subjected to the same sort of analysis if this Court intends to enforce its promise not to grant another stay absent "extraordinary circumstances."  Accordingly, the Government must not be allowed to rest on a technical reason for the delay – i.e. "the lack of people with grand juror name tags seated in a special room stopped the show despite our

As the Court knows, if the Government gets the Claimant indicted, this civil action effectively goes away, and attention turns to the criminal case. The whole point of this civil action was always simply to tie the Claimant's lawfully earned money up until the Government can get its criminal case together (if it can) or decide to prosecute the civil forfeiture alone (which would be unlikely if the Government could not find enough evidence to obtain a criminal charge). That is all understandable and acceptable up to a point.

One hesitates to call a civil action authorized by Federal statute a charade, but civil forfeiture looks like an invitation to a charade. More delay upon delay has made this process seem charade-like, at least. One moment Claimant Busby is promised a hearing in the civil matter after reasonable discovery. The next moment he is told he must wait because he is about to be summoned to a criminal proceeding in which he will have a hearing after reasonable discovery. Then, after that does not happen for over a year, he is told he still does not get any process whatsoever yet because the Government needs more time. The Government chose to file this case when it did. Maybe it should have waited because it was not ready or maybe it should dismiss this case now because it still is not ready and won't be for the foreseeable future? The Government is minimally harmed if it dismisses. It has a criminal forfeiture remedy it can fall back on even if it dismisses this case.

Claimant Busby is entitled to due process, or so said civic teachers back when civics was taught. The United States Constitution, the United States Code, and the Federal Rules of Civil Procedure certainly have words to that effect in their pages, but that right of due process has become only theoretical for Claimant Busby. This process has become an abusive game of "keep away." Claimant Busby is stuck in legal purgatory where he cannot even require the

---

plan to wrap up the investigation on time" - without showing that the absence of such people actually prevented the Government from observing this Court's deadline.

Government to explain why it thinks he deserved having his name dragged through the mud, his job taken away, his family destroyed, and his earnings impounded. The words in the preceding sentence are not hyperbole. If anything, they understate what happened in his life after the FBI chose to act in a way assured to get its three-letter name, along with the Claimant's name, splashed all over local headlines. Does a citizen's right to due process have any practical meaning? The Government stands with folded arms on a pretext.

The truth is the Government has not been diligent, was not harmed by Judge Rosenthal's order, and still wants to deny the Claimant due process. Fear that this Claimant, through powerful mutual discovery rules found in the Federal Rules of Civil Procedure, might have a level playing field to exonerate himself before the Government gets to indict him is no legitimate basis to extend this stay.

A lifting of the stay would permit the parties to litigate, among other things, a pending motion to dismiss this action filed by Claimant Hutchison and permit Claimant Busby to file his own such motion. The parties could take depositions and get written discovery out. The Court has the authority to craft the discovery to mitigate any remaining alleged negative impact such activities would have on whatever is left to complete in the Government's now two-year criminal investigation. *See* 18 U.S.C. §981(g)(3).

THEREFORE, the Claimant should be allowed to defend himself in this matter and so requests that the Court deny the Government's Motion to Stay.

Respectfully submitted,

DeGUERIN & DICKSON

 /s/ *Dick DeGuerin*
Dick DeGuerin
Texas Bar No. 05638000
Mark White, III
Texas Bar No. 24008272
1018 Preston, 7th Floor
Houston, Texas 77002
Telephone     (713) 223-5959
Facsimile:     (713) 223-9231
dick@deguerin.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was filed on the 11th day of September 2021, via the electronic case filing system of the Southern District of Texas, which sent a notice of filing to all interested parties.

*/s/ Dick DeGuerin*
Dick DeGuerin

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | CIVIL ACTION NO. 4:20-CV-03256 |
| $90,150.00 IN U.S. CURRENCY | § § | |
| $73,474.00 IN U.S. CURRENCY | § § | |
| $22,400.00 IN U.S. CURRENCY | § | |
| Defendants. | § | |

ORDER ON THE GOVERNMENT'S MOTION TO STAY

The Court heard the argument of counsel and considered the law applicable to the Government's Motion to Stay this civil forfeiture action and does hereby **DENY** that motion.

The Court orders the District Clerk to issue a scheduling order in this matter.

Signed _____, 2021.

_____
HON. ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF TEXAS