UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | C.A. NO. 4:20-cv-03256 |
| | § | |
| $90,150.00 IN U.S. CURRENCY, | §<br>§ | |
| $73,474.00 IN U.S. CURRENCY, | §<br>§ | |
| $22,400.00 IN U.S. CURRENCY,<br>    Defendants. | §<br>§<br>§ | |

## **CLAIMANT ANTHONY HUTCHISON'S RESPONSE TO UNITED STATES' OPPOSED SECOND MOTION TO EXTEND STAY OF CIVIL FORFEITURE CASE [doc. 22]**

Claimant Anthony Hutchison respectfully requests that this Court consider the issues raised in the dispositive motion to dismiss that Mr. Hutchison filed almost a year ago [*see* docs. 3, 12, 19] before staying the case again.

Mr. Hutchison opposes the stay's (second) extension for the same reasons stated in his opposition to the initial stay. [*See* doc. 15]. Mr. Hutchison incorporates the bases and arguments from his response to the initial motion to stay, [doc. 15], in this response as if stated fully herein. *See* Fed. R. Civ. P. 10(c).

In addition to these previously raised bases, the reasons stated in the most recent motion to stay fail to support the statutory bases for a stay under 18 U.S.C. § 981(g)(1). This statute only applies when the civil case will "adversely affect the ability of the Government to conduct [1] a related criminal investigation or [2] the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1).

In this case, there is no prosecution of a related criminal case. To the extent the government cannot present its case to a grand jury, the obstacle is COVID-19, not this case.

And, though the government has previously presented evidence satisfying the Court that a related investigation might be affected by this case, this Court concluded that the government's evidence justified a stay only until August 24, 2021—almost three weeks ago. The government's new motion fails to explain or support its apparent contention that the suspension of grand juries for the next two weeks will interfere the investigation that the Court previously concluded only justified a stay only until August 24, 2021. With no new evidence or explanation, the suspension of grand juries—standing alone—cannot justify a recommencing a stay that expired by its terms last month.

In addition, eleven months ago Mr. Hutchison moved to dismiss because the government failed to comply with mandatory, jurisdictional, statutory deadlines in filing this action, depriving this Court of jurisdiction.[1] [*See* doc. 3]. Mr. Hutchison respectfully requests that this Court address his motion to dismiss before staying the case further.

---

[1] Though the Court held that Mr. Hutchison's jurisdictional and other complaints were "moot," [*see* doc. 16, at 3], these issues still require resolution. And, for what it's worth, the Court's determination that the mere amendment of a complaint rendered jurisdictional arguments moot and required a new motion to dismiss is in tension with the Fifth Circuit's opinion in *Rountree v. Dyson*, 892 F.3d 681 (2018) ("As explained in a treatise, and reiterated by several district courts in this circuit, 'defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending.'"). In any event, Mr. Hutchison did file a new motion to dismiss the new complaint, [doc. 19], and that motion was docketed for submission almost three months ago. He has waited almost a year for basic process related to whether the government filed a sufficient complaint and complied with its statutory forfeiture obligations. Mr. Hutchison would respectfully request that the Court consider the motion to dismiss.

**Conclusion**

Mr. Hutchison respectfully requests, for all the foregoing reasons, that the Court rule on the pending motion to dismiss before ruling on the government's motion to stay. Even if the Court denies Mr. Hutchison's motion to dismiss, Mr. Hutchison respectfully requests that the Court deny the motion to stay and allow Mr. Hutchison to proceed with civil discovery to defend his case.

                Respectfully submitted,

                _/s/ Russell Hardin, Jr._
                Russell Hardin, Jr.
                Attorney-in-Charge
                State Bar No. 08972800
                Federal I.D. No. 19424

OF COUNSEL:
RUSTY HARDIN & ASSOCIATES, LLP
Letitia D. Quinones
State Bar No. 24008433
Federal I.D. No. 23722
John MacVane
State Bar No. 24085444
Federal I.D. No. 2209776
Rachel Lewis
State Bar No. 24120762
Federal I.D. No. 3618856
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Facsimile: (713) 652-9800
Email: rhardin@rustyhardin.com
Email: jmacvane@rustyhardin.com
Email: rlewis@rustyhardin.com

***ATTORNEYS FOR***
***ANTHONY HUTCHISON***

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2021, a true and correct copy of the foregoing has been filed via the CM/ECF system which served the document on all counsels of record.

　　　　　　　　　　　　　　　　　　　　　　　　　_/s/ John MacVane_
　　　　　　　　　　　　　　　　　　　　　　　　　JOHN MACVANE