UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-03256 |
| | § | |
| $90,150.00 IN U.S. CURRENCY | § | |
| | § | |
| $73,474.00 IN U.S. CURRENCY | § | |
| | § | |
| $22,400.00 IN U.S. CURRENCY | § | |
| Defendants. | § | |

MOTION TO DISMISS THE GOVERNMENT'S AMENDED COMPLAINT

Brian Busby ("Claimant Busby" or "Claimant" or "Busby") by and through his attorneys, Dick DeGuerin and Mark White, III, files this Motion to Dismiss under Supplemental Rule for Asset Forfeiture Actions G(8)(B)(i) and Rule 12(b)(6) of the Federal Rules of Civil Procedure as to $90,150.00.

I.

The Claimant asserts the same arguments made by Claimant Anthony Hutchison in his motions to dismiss this forfeiture action and would incorporate them herein by this reference. Dkt. 19.

II.

The Defendant argues that the Government's original complaint was not filed timely. No showing of "good cause" justified this delay. Also, that complaint was deficient in that the verification of facts, which was required by law and was no mere formality, was "to the best of [an FBI agent's] knowledge and belief" and did not specify which of the conclusory statements the affiant knew to be true, vice which facts he merely believed from supposition. Finally, the complaint purported to explain the connection between the $90,150.00 and criminal activity

through speculative and conclusory allegations, rather than setting out an actual statement of facts to connect them.  Governing statutes required a degree of specificity that this complaint did not and could not provide.  The Government basically asked, through this defective complaint, that the Court to take it on faith that the $90,150.00 derived from a criminal offense and were not lawfully earned dollars.

### III.

The Claimant was the Chief Operating Officer of the Houston Independent School District (HISD) when the Government filed its complaint to forfeit the $90,150.00 in United States currency which FBI agents had seized from his home on the authority of a search and seizure warrant.  The Claimant had worked his way up to that very senior executive position after having started with HISD as a janitor approximately 20 years beforehand.  The Claimant's wife was also employed by HISD and held a well-compensated position.  Each lost their jobs because of the FBI raid.  Prior to the raid, each had lawful outside business interests not related to HISD, including nine or more rental properties which were occupied by paying tenants.  The Claimant additionally had substantial lawful gaming winnings prior to the FBI raid.  He also managed financial affairs for the woman who raised him, whom he regards as his mother, whose mental and physical condition has prevented her from managing her own money.  He regularly possessed money, including cash, belonging to her to spend on her behalf.  The Claimant's total income was more than sufficient to allow him to save the money at issue here.  The $90,150.00 that the FBI seized was from these sources of funds and not any illegal activity.

The law required the Government to plead specific facts to link the funds it seeks to forfeit to illegal activity and to file that pleading timely.  It failed those important requirements.  The Government's untimely complaint, the verification of which was ambiguous as to what the

affiant truly knew, plead conclusions - not facts. It could do no more because the Claimant's funds were derived from lawful sources. The Claimant therefore is asking the Court to dismiss the untimely and unspecific complaint and return the $90,150.00 to him.

IV.

In considering this motion, Rule 12(b)(6) of the Federal Rules of Civil Procedure ask this Court to review the Government's complaint to determine whether the complaint states a claim upon which relief may be granted. Rule G(8)(B) of the Federal Supplemental Rules for Maritime or Admiralty Claims and Asset Forfeiture permits the Claimant to make such a motion as the lawful owner of the property at issue.

The Court should dismiss the Government's complaint because it was not timely filed, and it failed to allege facts specific enough to connect the seized money to a crime. Title 18, United States Code, Section 983(a)(3)(A) sets out a 90-day deadline by which the Government must file a forfeiture complaint in district court after a Claimant has submitted a claim to the property in the administrative forfeiture process. To extend that filing deadline, the Government must show the court "good cause." 18 U.S.C. §983(a)(3). The statute contemplates a case-by-case approach which was not followed in this case.

Rule E(2)(a) and Rule G(2)(f) of the supplemental rules, respectively, required the Government's complaint to "… state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading" and "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." The Government's complaint in this case was not timely, not properly verified, and failed to plead sufficient facts.

V.

The Government's original complaint to forfeit the $90,150.00 was not timely filed, and no "good cause" excused the delay. Title 18, United States Code, Section 983(a)(3) required the Government to file its complaint within 90 days of the Claimant filing his administrative notice of claim to the money unless the Government's delay was excused for "good cause." The Government seized the money on February 27, 2020. The Government issued a notice of administrative forfeiture on March 26, 2020. The Claimant made a timely claim to the money in that administrative procedure on or about April 24, 2020. The Government filed its original complaint in this Court on September 18, 2020, which was approximately 147 days after the Claimant filed his notice of claim. Dkt. 1. The Government did not receive a valid extension of time to excuse the 57 additional days the Government took to file.

Roughly contemporaneously with the events described above, COVID 19 emerged and Congress contemplated a legislative response to, among many other things, COVID's impact on the administration of justice. Importantly for this case, Congress considered and <u>rejected</u> a Department of Justice proposal to permit any United States trial judge to toll deadlines, like the one at issue here, broadly and in general due to COVID such that courts would not be required to consider filing extension requests on a case by case basis as existing law required.[1] In other words, Congress refused to relax the procedure for extending filing deadlines set forth in Title 18, United States Code, Section 983(a)(1)(C). That statute required the Government to show "good cause" for why this specific complaint could not be filed within the timeframe mandated by law. The Government did not even attempt to make such a showing here.

---

[1] *See Department of Justice Proposals for Addressing Issues Created by the COVID-19 Pandemic*, at Tab B, § 1660(a), .pdf p.7, *available at* https://int.nyt.com/data/documenthelper/6835-combed-doj-coronavirus-legisla/06734bbf99a9e0b65249/optimized/full.pdf#page=1 (last visited Oct. 15, 2020).

Nevertheless, the United States Attorney for the Southern District of Texas asked the Chief Judge of the United States District Court for the Southern District of Texas for an order granting the same blanket relief from deadlines to the Government which Congress had just expressly refused to grant. In response, likely not knowing the Congress already had rejected Main Justice's request for blanket stays to be written into law, the Chief Judge issued an across-the-board order extending all deadlines related to forfeiture cases by 60 days, which extension ran in favor of the Government alone and not private litigants, based on COVID's impact on the U.S. mail.[2] The Government's *ex parte* request was evidently not made publicly and only emerged later in case filings. The Claimant was not consulted despite the Government having reason to know that he was represented by counsel and intended to dispute the forfeiture of his money. The order purporting to extend the filing deadline in this case was not valid, legislation contemplating granting that power to judges having been considered and rejected by Congress, and the blanket order conflicted with the individual case-by-case process set forth in Title 18, United States Code, Section 983(a)(3)(A).

The Court should have evaluated the Government's need to toll the filing deadline in this case based on its unique facts in the ordinary course of applying Title 18, United States Code, Section 983(a)(3)(A). The Court would have heard that the Claimants each were represented by counsel who utilized the electronic filing system and that the rationale for the blanket extensions offered in the Chief Judge's order, which involved the impact of COVID on the United States mail system, did not impact this specific case in any way.[3] The Government failed otherwise to show good cause for an extension of the filing deadline. It did not even try. It relied upon the invalid blanket order which it had solicited. Therefore, there was no valid extension of the filing deadline to cover the 57 days to Government delayed. This *ex parte* maneuvering for a blanket order also denied

---

[2] *See Order Extending Certain Statutory Deadlines for Administrative and Civil Judicial Asset Forfeiture Proceedings*, General Order No. 2020-07, S.D. Tex., April 27, 2020 *available at* https://www.txs.uscourts.gov/district/genord/ (last visited May 14, 2021).
[3] Id.

the Claimant his right to due process in that he did not receive either notice or a hearing on whether filing deadline extensions could be granted across the board without a particularized showing of need. Accordingly, the Claimant asks the Court to dismiss this suit and order the Government to return his money. That remedy is the only one available to the Claimant and the Court when the Government fails to file a forfeiture complaint timely.[4]

VI.

The complaint in an *in rem* action, like this one, must be verified. FED. R. CIV. P. SUPP. R. C(2)(a). Because "[t]he [forfeiture rules] are silent on the correct form for a verification," "courts must . . . look to the law of the state in which the district court is located to determine what constitutes proper verification,"[5] in this case, Texas law.

Texas courts have consistently required that sworn pleadings be based upon knowledge, not merely "belief."[6] This requirement ensures the effectiveness of perjury penalties, in turn

---

[4] *United States v. $229,850.00 in U.S. Currency*, 50 F. Supp. 3d 1171, 1176 (D. Ariz. 2014) (citation and internal quotation marks omitted).

[5] *See United States v. $84,740.00 U.S. Currency*, 900 F.2d 1402, 1404 (9th Cir. 1990) (citing *United States v. United States Currency, in the Amount of $103,387.27,* 863 F.2d 555, 589–60 (7th Cir. 1988); *United States v. Banco Cafetero, Int'l,* 608 F.Supp. 1394, 1399–1400 (S.D.N.Y. 1985), *aff'd,* 797 F.2d 1154 (2d Cir.1986); 7A J. Moore & A. Palaez, *Moore's Federal Practice* C.08, at 662 (2d ed. 1988)); *see also Marron ex rel. Stewart & Stevenson Services, Inc. v. Ream*, No. CIVA H-06-1394, 2006 WL 2734267, at *3 (S.D. Tex. May 5, 2006) (Werlein, J.) ("Verifications filed in federal court are subject to the requirements of state law.").

[6] *See, e.g.*, *Humphreys v. Caldwell*, 888 S.W.2d 469, 470–71 (Tex. 1994) ("[A summary judgment] affidavit which does not positively and unqualifiedly represent the facts as disclosed in the affidavit to be true and within the affiant's personal knowledge is legally insufficient."); *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *Burke v. Satterfield,* 525 S.W.2d 950, 955 (Tex.1975); *Rosas v. Chih Ting Wang*, No. 05-18-01013-CV, 2019 WL 3986301, at *4 (Tex. App.—Dallas Aug. 23, 2019, no pet.) ("We agree with appellants that Bryant's affidavit is defective because it is not based on her personal knowledge."); *Day Cruises Mar., L.L.C v. Christus Spohn Health Sys.*, 267 S.W.3d 42, 54–55 (Tex. App.—Corpus Christi 2008, pet. denied) ("An affidavit which does not positively *and unqualifiedly* represent the facts as disclosed in the affidavit to be true and within the affiant's personal knowledge is legally invalid."); *Winnard v. J. Grogan Enters., LLC*, No. 05-10-00802-CV, 2012 WL 1604907, at *2 (Tex. App.—Dallas Apr. 30, 2012, no pet.) (mem. op.) (noting that statements made "to the best of my knowledge and belief" in an affidavit are legally insufficient); *Gayne v. Dual-Air, Inc.*, 600 S.W.2d 373, 375 (Tex. Civ. App.—Houston [14th Dist.] 1980, no writ) (in context of verified pleading under Texas Rule of Civil Procedure 185 "the words 'to the best of my knowledge' do not necessarily connote a knowledge of the facts by the affiant sufficient to support the verity of such a statement," affidavit based upon "best of [affiant's] knowledge" was "equivocal and inadequate").

guaranteeing the truth of pleadings, and that, if an affiant relies upon both knowledge and belief, the Court can determine which statements are based upon knowledge and which merely belief.

In this case, the FBI Agent verifying the affidavit attested to the truth and accuracy of the facts provided only "to the best of his knowledge and belief."[7] Under Texas law, the verification is inadequate, the complaint must be dismissed, and the government's failure to properly verify its complaint requires return of the Claimant's property.

## VII.

The complaint neither directly alleges, nor contains facts supporting an inference, that the seized cash derives from alleged illegal activities. A connection between the seized cash and the unlawful activity—the essential element of the government's forfeiture case—is wholly absent from the government's complaint. In this respect, the complaint in this case resembles one that the Tenth Circuit held to be insufficient under forfeiture pleading standards in *United States v. $39,000 In Canadian Currency*, 801 F.2d 1210, 1220 (10th Cir. 1986). In that case, the government alleged that seized currency was furnished for a controlled substance or traceable to such an exchange. *See id.* at 1214. The court nonetheless held that the complaint failed to satisfy forfeiture pleading standards because, "[i]t specifie[d] no date or location of any purported or intended exchange, no dollar amount of such an exchange, no specific type or quantity of controlled substance, and no identified participant." *See id.* at 1220.

In this case, the complaint's complete lack of detail connecting the seized cash to alleged unlawful activity not only fails to enable the Claimant to answer the allegations, as required by Supplemental Rule E(2)(a), but also fails to support a reasonable belief that the $90,150.00 seized

---

[7] Dkt. 8, at p.11.

is the fruit of the alleged unlawful activity. The cash could have and did have an independent source—in fact there are no facts whatsoever to support a conclusion that it did not.

In all of these respects, this case resembles *United States v. One Hundred & Thirty-Four Thousand, Seven Hundred & Fifty-Two Dollars U.S. Currency, more or less*, which also rejected the government's attempt to forfeit a large amount of cash based upon allegations that the owner of the cash had previously engaged in illegal conduct. 706 F. Supp. at 1083.

Simply put, without any allegation connecting the Claimant's alleged illegal actions with the seized property, the complaint in this case—like that in *$134,752*—is "woefully inadequate" and must be dismissed.

### REQUEST FOR RELIEF

For the foregoing reasons, Claimant Brian Busby requests that this Court dismiss the United States of America's complaint and return the $90,150.00 in United States currency to which Mr. Busby has made a claim.

Respectfully submitted,

DeGUERIN & DICKSON

 /s/ *Dick DeGuerin*
Dick DeGuerin
Texas Bar No. 05638000
1018 Preston, 7th Floor
Houston, Texas 77002
Telephone       (713) 223-5959
Facsimile:      (713) 223-9231
dick@deguerin.com

 /s/ *Mark White*
Mark White, III
Texas Bar No. 24008272
1018 Preston, 7th Floor
Houston, Texas 77002
Telephone       (713) 223-5959
Facsimile:      (713) 223-9231
MarkWhite@DeGuerin.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 3, 2022, a true and correct copy of the above pleading filed via the CM/ECF system which served the document on all counsel of record.

 /s/ *Mark White*
MARK WHITE, III

**CERTIFICATE OF CONFERENCE**
**UNDER JUDGE HANEN'S CIVIL PROCEDURE 7.P.**

      I certify that, before filing this motion, I reviewed the certification by counsel for Claimant Anthony Hutchinson which said that he had notified Assistant United States Attorney Kristine Rollinson of the issues asserted in his motion, which raised the same issues in this motion, and that they could not agree that the pleading deficiencies raised in each motion could be cured in any part by a permissible amendment offered by the government. I have no reason to think AUSA Rollinson would have reversed her position.

      AUSA Rollinson and counsel for Hutchinson conferred by email.

                                                       */s/ Mark White*
                                                         MARK WHITE, III